UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BANK OF NEW YORK MELLON CORP. FOREX TRANSACTIONS LITIGATION | No. 12-MD-2335 (LAK) (JLC) |
| THIS DOCUMENT RELATES TO: | |
| *Southeastern Pennsylvania Transportation Authority v. The Bank of New York Mellon Corporation, et al.* | No. 12-CV-3066 (LAK) (JLC) |
| *International Union of Operating Engineers, Stationary Engineers Local 39 Pension Trust Fund v. The Bank of New York Mellon Corporation, et al.* | No. 12-CV-3067 (LAK) (JLC) |
| *Ohio Police & Fire Pension Fund, et al. v. The Bank of New York Mellon Corporation, et al.* | No. 12-CV-3470 (LAK) (JLC) |
| *Carver, et al. v. The Bank of New York Mellon, et al.* | No. 12-CV-9248 (LAK) (JLC) |
| *Fletcher v. The Bank of New York Mellon, et al.* | No. 14-CV-5496 (LAK) (JLC) |

**LEAD PLAINTIFFS' MOTION FOR ORDER AUTHORIZING *CY PRES* DISTRIBUTION OF RESIDUAL SETTLEMENT PROCEEDS**

Lead Plaintiffs, upon the accompanying Declaration of Ed Barrero in Support of Lead Plaintiffs' Motion for Order Authorizing *Cy Pres* Distribution of Residual Settlement Proceeds (the "Barrero Declaration") (attached hereto as Exhibit 1)[1] submitted on behalf of Epiq Class Action & Claims Solutions, Inc. ("Epiq"), hereby move this Court for entry of the accompanying [Proposed] Order Authorizing *Cy Pres* Distribution of Residual Settlement Proceeds, which would, *inter alia*: (i) approve the recommendation that any further re-distribution of the Net Settlement Proceeds would not be cost effective or efficient; and (2) authorize contribution of the

---

[1] Unless otherwise defined herein, capitalized terms have the meaning ascribed to them in the Stipulation and Agreement of Settlement (ECF No. 583-1) (the "Stipulation").

remaining balance of the Net Settlement Proceeds to the proposed *cy pres* recipient, Public Justice Foundation.

Lead Plaintiffs previously reached a settlement of all claims asserted in the Litigation against Defendants for $335,000,000. This Court's Order and Final Judgment (ECF No. 638) and Order Approving Plan of Allocation (ECF No. 636) approved the Settlement and the Plan of Allocation. In addition, the Notice disseminated to the Settlement Class informed Settlement Class Members that, in addition to the $335,000,000 obtained from Defendants as a result of the Settlement, an additional $155,000,000 obtained pursuant to a settlement between the New York Attorney General and BNYM and an additional $14,000,000 obtained pursuant to a settlement between the United States Department of Labor and BNYM (collectively, the "Net Settlement Proceeds") would be distributed to Settlement Class Members pursuant to the Court-approved Plan of Allocation. Defendants have no legal interest in the relief requested herein.[2]

After the Settlement became effective, the Claims Administrator completed the claims administration process and, pursuant to the Court's Order Approving Distribution Plan for the Net Settlement Proceeds and Request for Reimbursement of Litigation Expense (ECF No. 672), payments from the Net Settlement Proceeds were issued to Settlement Class Members in three distributions. In total, over $429 million in payments were distributed to Settlement Class Members. *See* Barrero Decl. ¶¶ 3-6. Following the deduction of Epiq's additional fees and expenses (*i.e.*, $28,294.51) and after payment of $2,500.00 for preparing and filing the final tax return for this matter, a total of $6,471.10 remains unclaimed in the distribution account. *See* Barrero Decl. ¶ 8.

---

[2]   *See* Stipulation ¶ 25 ("[T]he Defendants and the Released Defendant Parties shall have no responsibility or liability whatsoever for allocation of the Settlement Fund or Net Settlement Fund and the Defendants shall not otherwise object to the Plan of Allocation proposed by Lead Plaintiff.").

It is Epiq's assessment that it would not be cost effective to conduct a further distribution of this unclaimed balance. *See* Barrero Decl. ¶ 9. Lead Plaintiffs and their counsel agree with this assessment. Accordingly, pursuant to the Distribution Order, Lead Plaintiffs now seek the Court's (i) approval of the recommendation that any further re-distribution of the Net Settlement Proceeds would not be cost effective or efficient; and (ii) authorization to contribute the balance of the Net Settlement Proceeds to a nonsectarian, not-for-profit, 501(c)(3) organization that is independent of Lead Settlement Counsel so that Lead Settlement Counsel do not derive a direct or indirect benefit from the selection of such organization as a recipient of a charitable contribution.

Lead Plaintiffs recommend that the Public Justice Foundation ("PJF") be designated as the *cy pres* recipient of the remaining Net Settlement Proceeds. PJF is a non-sectarian, not-for-profit organization exempt from taxation under Section 501(c)(3) of the Internal Revenue Code. *See* https://www.publicjustice.net/missionpublic-justice-foundation. PJF was founded in 1982 and its membership includes lawyers of various specialties, consumer advocates, class action specialists, law school professors, law students and public interest advocates. As stated on its website, PJF's mission is to "pursue[] high impact lawsuits to combat social and economic injustice, protect the Earth's sustainability, and challenge predatory corporate conduct and government abuses." Specifically with respect to class action litigation, PJF aims to "combat[] the strategies corporations endlessly devise to deny people the right to pursue class actions and fight[s] to expand the availability of class actions where they are necessary to provide a meaningful remedy to victims of illegal conduct." Federal courts have approved PJF as a *cy pres* recipient of residual balances in other settlements. *See, e.g., Maxin v. PHG & Co., Inc.*, 2019 WL

3

4295325, at *3 (S.D. Cal. June 24, 2019); *Couser v. Comenity Bank*, 2017 WL 2312080, at *3 (S.D. Cal. May 26, 2017).

Accordingly, Lead Plaintiffs respectfully request that the Court enter the [Proposed] Order Authorizing *Cy Pres* Distribution of Residual Settlement Proceeds submitted herewith which will authorize the contribution of the unclaimed balance of the Net Settlement Proceeds to PJF. The authorization to proceed with this contribution to PJF will close the case.

Dated: April 29, 2020                                            Respectfully submitted,

                                                              **KESSLER TOPAZ MELTZER**
                                                                   **& CHECK, LLP**

*s/ Sharan Nirmul*
Sharan Nirmul
Joseph H. Meltzer
Jonathan F. Neumann
280 King of Prussia Road
Radnor, PA 19087
Tel:     (610) 667-7706
Fax:     (610) 667-7056
snirmul@ktmc.com
jmeltzer@ktmc.com
jneumann@ktmc.com

**LIEFF CABRASER HEIMANN**
    **& BERNSTEIN, LLP**
Elizabeth J. Cabraser
Robert L. Lieff
275 Battery Street, 29th Floor
San Francisco, CA 94111-3335
Tel:     (415) 956-1000
Fax:     (415) 956-1008
ecabraser@lchb.com
rlieff@lchb.com

-and-

Daniel P. Chiplock
Daniel E. Seltz
Michael J. Miarmi
Nicholas Diamand
250 Hudson Street, 8th Floor

4

New York, NY 10013-1413
Tel:	(212) 355-9500
Fax:	(212) 355-9592
dchiplock@lchb.com
dseltz@lchb.com
mmiarmi@lchb.com
ndiamand@lchb.com

*Interim Co-Lead Counsel for the Customer Classes*

**McTIGUE LAW LLP**
J. Brian McTigue
4530 Wisconsin Avenue, NW
Suite 300
Washington, DC 20016
Tel:	(202) 364-6900
Fax:	(202) 364-9960
bmctigue@mctiguelaw.com

*Counsel for ERISA Plaintiffs: Carl Carver, Deborah Jean Kenny, Edward C. Day, Joseph F. Deguglielmo, Lisa Parker, Frances Greenwell-Harrell, and Landol D. Fletcher*